Approved: _____
MICHAEL D. MAIMIN
Assistant United States Attorney

Before:  THE HONORABLE LISA M. SMITH
         United States Magistrate Judge
         Southern District of New York

- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA     :   COMPLAINT   18 mag 5196

     -v.-                    :   Violation of 18 U.S.C.
                                 §§ 922(g)(1) and 2; 21 U.S.C.
ARNOLD MELENDEZ,             :   §§ 841(a)(1)&(b)(1)(B) and 846
     a/k/a "Frankie,"
                             :   COUNTY OF OFFENSE:
          Defendant.             DUTCHESS COUNTY
                             :

- - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

Owen O'Connell, being duly sworn, deposes and says that he is a Detective with the City of Poughkeepsie Police Department (the "CPPD"), and charges as follows:

### COUNT ONE

1. On or about March 16, 2018, in the Southern District of New York, ARNOLD MELENDEZ, a/k/a "Frankie," the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce a firearm, to wit, a loaded Ruger 9-millimeter semi-automatic pistol, which had previously been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Section 922(g)(1)).

### COUNT TWO

2. From at least in or about January 2018, up to and including March 16, 2018, in the Southern District of New York, ARNOLD MELENDEZ, a/k/a "Frankie," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

3. It was a part and an object of the conspiracy that ARNOLD MELENDEZ, a/k/a "Frankie," the defendant, would and did distribute and possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

4. The controlled substances that ARNOLD MELENDEZ, a/k/a "Frankie," the defendant, conspired to distribute and possess with intent to distribute were: (1) 100 grams and more of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(B); and (2) 40 grams and more of mixtures and substances containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as Fentanyl, and Acetyl Fentanyl, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(b)(1)(B).

(Title 21, United States Code, Section 846).

**COUNT THREE**

5. On or about March 16, 2018, in the Southern District of New York, ARNOLD MELENDEZ, a/k/a "Frankie," the defendant, intentionally and knowingly did distribute and did possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and aid and abet the same.

6. The controlled substance involved in the offense was 40 grams and more of mixtures and substances containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as Fentanyl.

(Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B); Title 18, United States Code, Section 2).

The bases for my knowledge and the foregoing charges are, in part, as follows:

7. I am a Detective with the CPPD, and I am currently assigned to the Dutchess County Drug Task Force, and I have been personally involved in the investigation of this matter. This affidavit is based in part upon my conversations with other law-enforcement agents and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

2

8. Based on my review of criminal history records pertaining to ARNOLD MELENDEZ, a/k/a "Frankie," the defendant, I have learned that: (i) on or about December 20, 2000, in Westchester County Family Court, MELENDEZ was adjudicated a juvenile delinquent for burglary in the second degree, in violation of New York Penal Law § 140.25, a Class C Felony; (ii) on or about September 30, 2003, in New York County Supreme Court, MELENDEZ pleaded guilty to robbery in the first degree, in violation of New York Penal Law § 160.15(4), a Class B Felony; (iii) on or about November 3, 2008, in Chautaqua County Court, MELENDEZ pleaded guilty to attempting to knowingly making or possessing dangerous contraband in prison in the first degree, in violation of New York Penal Law § 205.25(2), a Class E Felony; and (iv) on or about April 12 2014, in the Southern District of New York, MELENDEZ pleaded guilty to participating in a conspiracy to distribute 280 grams and more of cocaine base, commonly known as crack, a Class A Felony, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

### The Controlled Buys

9. On three separate occasions, described below, a confidential informant (the "CI")[1] purchased what was determined to be heroin from an individual who law enforcement identified as ARNOLD MELENDEZ, a/k/a "Frankie."

    a. On February 22, 2018, I met with the CI in the City of Poughkeepsie to prepare to make a controlled purchase of narcotics from a man who the CI knew as "Frankie." At that meeting, I searched the CI to confirm that the CI had no drugs or money. I and other law enforcement agents then placed an electronic monitoring device on the CI and gave the CI $100 in cash. The CI indicated that another individual had provided the CI with a phone number for "Frankie"(the "Phone Number"). Accordingly, at the direction of law enforcement agents, the CI called "Frankie" on the Phone Number and arranged to meet "Frankie" near Barclay and Academy Streets in Poughkeepsie. I and other law enforcement agents watched as the CI walked down Barclay toward Garfield Street and then a black Nissan with temporary license plate 16L8457 (the "Car") pulled up to the CI. The driver of the Car motioned for

---

[1] The CI has provided law enforcement officials with information that has been corroborated independently in the past. In these controlled buys, the CI acted at the direction of law enforcement officials. CI was being paid for information. No prior convictions related to truthfulness.

3

the CI to get in the Car, and I and other law enforcement agents observed the CI do so. I and other law enforcement officers listened to the conversation between "Frankie" and the CI, which I recognized to be consistent with a narcotics transaction. The CI got out of the Car and walked back to the law enforcement officers, where the CI gave law enforcement officers ten glassine envelopes, each containing a brown powdery substance. The CI explained that the CI had given "Frankie" $100 in cash and "Frankie" gave the CI the glassine envelopes. Other law enforcement officers conducting surveillance in the vicinity of 100 Academy Street following the controlled purchase observed the Car arrive at a house located at 100 Academy Street and observed a male exit the vehicle and enter the house.

        b.    On February 23, 2018, I met with the CI in Poughkeepsie to prepare to make another controlled purchase of narcotics from "Frankie". At that meeting, I searched the CI to confirm that the CI had no drugs or money. I and other law enforcement agents then placed an electronic monitoring device on the CI and gave the CI $100 in cash. At the direction of law enforcement agents, the CI called "Frankie" on the Phone Number, and arranged to meet "Frankie" near Carroll and Academy Streets in Poughkeepsie. In advance of the buy, a law enforcement officer again conducted surveillance in the vicinity of 100 Academy Street. The officer had with him a photograph provided by a New York State Parole Officer of a male known as "Anthony Melendez," who was then on New York State Parole. "Anthony Melendez" was observed exiting 100 Academy Street and getting into the Car. Law enforcement followed the Car to the buy. I and other law enforcement agents watched the CI walk down Carroll toward Barclay Street, observed the Car arrive, and observed the CI got into the Car. I and other law enforcement officers listened to the conversation between "Anthony Melendez," a/k/a "Frankie," and the CI, which I recognized to be consistent with a narcotics transaction. The CI got out of the Car and walked to the law enforcement officers, where the CI gave law enforcement officers ten glassine envelopes, each containing a brown powdery substance. The CI explained that the CI had given "Frankie" $100 in cash, and "Frankie" gave the CI the glassine envelopes. Following the buy, law enforcement agents followed the Car back to 100 Academy Street. "Anthony Melendez" was observed exiting the Car and going back into the house at 100 Academy Street. I know based on law enforcement records and photographs that "Anthony Melendez" is ARNOLD MELENDEZ, the defendant. Based on the observations of law enforcement during the February 22 and February 23, 2018 controlled buys, I also know that "Frankie" is MELENDEZ.

        c.    On March 6, 2018, I met with the CI in Poughkeepsie to prepare to make another controlled purchase of narcotics from MELENDEZ. At that meeting, I searched the CI to confirm that the CI had no drugs or money. I and other law enforcement agents then placed an electronic monitoring device on the CI and gave the CI $100 in cash. At the direction of law enforcement agents, the CI called MELENDEZ on the Phone Number, and arranged to meet MELENDEZ near Academy and Barclay Streets in Poughkeepsie. In advance of the buy, a law enforcement officer again conducted surveillance in the vicinity of 100 Academy Street and saw MELENDEZ exit the house at 100 Academy Street and get into the Car.[2] I and other law enforcement agents watched the CI as the CI walked down Carroll toward Barclay Street. When the CI was near Barclay and Academy Street, we observed the Car arrive and the CI get into the Car. I and other law enforcement officers listened to the conversation between MELENDEZ and the CI, which I recognized to be consistent with a narcotics transaction. The CI got out of the car and walked back to the law enforcement officers, where the CI gave law enforcement officers ten glassine envelopes, each containing a brown powdery substance. The CI explained that the CI had given "Frankie," (i.e., MELENDEZ) $100 in cash and "Frankie," (i.e., MELENDEZ) gave the CI the glassine envelopes.

    10.    I have reviewed reports prepared by a forensic scientist with the New York State Police Mid-Hudson Satellite Crime Laboratory. According to those reports, the forensic scientist analyzed the substances in one of the glassine envelopes from each of the controlled purchases made on February 22, 2018, February 23, 2018, and March 6, 2018, as detailed above, and each of the substances contained both Fentanyl and Acetyl Fentanyl.[3]

---

[2] At the February 22, 2018 and February 23, 2018 controlled buys, the Car bore temporary plates 16L8457. By March 6, 2018, these temporary plates had been replaced with permanent plates HWN-6934. According to New York State Department of Motor Vehicle records, the Car is registered to "Arnold Melendez," residing at 100 Academy Street, Poughkeepsie, New York 12601.

[3] I know that, on or about May 21, 2015, the Administrator of the Drug Enforcement Administration placed Acetyl Fentanyl into Schedule I, pursuant to the temporary scheduling provisions of the Controlled Substances Act, see 80 Fed. Reg. 29227 (May 21, 2015), and, on or about June 7, 2017, the Administrator issued a final order maintaining the placement of Acetyl Fentanyl—including its isomers, esters, ethers, salts, and salts of isomers, esters and

## The Arrest and Search Warrant

11.  On or about March 16, 2018, law enforcement officers saw ARNOLD MELENDEZ, a/k/a "Frankie," the defendant, and a woman walk out of 100 Academy Street and get into the Car. The law enforcement officers—who had a warrant for MELENDEZ's arrest—stopped the Car and took MELENDEZ into custody. MELENDEZ had $1,060 in cash and two cellphones in the pockets of his pants. One of the cell phones was the cell phone assigned the Phone Number.[4]

12.  Also on or about March 16, 2018, other law enforcement officers executed a search warrant on 100 Academy Street. I have reviewed reports related to that search, and spoken with officers involved in the search, and learned that, during that search, they found in the house, among other things: (i) two clear plastic bags, in a bin of children's toys, containing an off-white powdery substance that field-tested positive for the presence of fentanyl; (ii) ten red glassine envelopes, in a bin of children's toys, containing an off-white powdery substance, a sample of which field tested positive for the presence of fentanyl; (iii) seven red glassine envelopes, in between couch cushions, containing an off-white powdery substance, a sample of which field tested positive for the presence of fentanyl; (iv) $2,500 in cash in a dresser drawer in the bedroom; (v) a large vacuum-sealed bag on the floor of the bedroom containing a green vegetable-like substance that field-tested positive for the presence of marijuana; (vi) a cardboard box in a dresser drawer in the bedroom filled with empty red glassine envelopes; (vii) a small black digital scale in a dresser drawer in the bedroom; (viii) a small black blender behind the dresser in the bedroom; (ix) a small white plastic wrapper containing what appears to be a cutting agent; and (x) a New York State Identification Card belonging to ARNOLD MELENDEZ, a/k/a "Frankie," the defendant.

13.  I have reviewed a report prepared by a forensic scientist with the New York State Police Mid-Hudson Satellite Crime Laboratory. According to that report, the forensic scientist analyzed two samples of the substances seized during the search of

---

ethers—in Schedule I of the Controlled Substances Act, see 82 Fed. Reg. 26349 (June 7, 2017); 21 C.F.R. § 1308.11(b)(3).

[4] In addition, following his arrest, when asked for his phone number during processing, MELENDEZ provided the Phone Number. MELENDEZ also provided the Phone Number as his own phone number during his post-arrest interview, which interview is otherwise detailed infra at ¶ 15.

6

100 Academy Street, and identified over 45 grams of one substance, and over 14 grams of another substance, each containing both Fentanyl and Acetyl Fentanyl.

14. During that search, law enforcement officers also found in the backyard of 100 Academy Street one black 9-millimeter Ruger LC9 semi-automatic pistol with six 9-millimeter rounds loaded into the magazine (the "Pistol"). The Pistol was wrapped in cloth and a plastic bag and hidden under a pile of leaves. I have spoken with a representative of Sturm, Ruger & Company, Inc., which manufactured the Pistol, and learned that Ruger does not manufacture firearms in the state of New York.

### The Post-Arrest Statement

15. Following the arrest of ARNOLD MELENDEZ, a/k/a "Frankie," the defendant, I and another law enforcement agent interviewed MELENDEZ. The interview was video-taped. After waiving his *Miranda* rights and agreeing to speak with us, among other things, MELENDEZ stated the following:

    a. Since January 2018, MELENDEZ had driven on multiple occasions to the Bronx to purchase resale quantities of heroin—between 50 to 100 grams at a time—from a single supplier, which he brought back to Poughkeepsie to sell. When MELENDEZ picked up the heroin, sometimes it was pre-packaged in glassine envelopes, ready to sell, and other times it was raw, in a plastic bag. He has picked it up raw more times than it was pre-packaged in glassine envelopes. MELENDEZ typically paid $1,600 for 50 grams, and charged $60 to $65 per gram when he sold it.

    b. MELENDEZ's wife and four-year-old son lived with him in his house at 100 Academy Street.

    c. The Pistol was MELENDEZ's. In or around December 2017, when MELENDEZ lived in a different house, MELENDEZ's wife was "jumped" by other women, one of whom had the Pistol. The woman ended up throwing the Pistol down. MELENDEZ kept the Pistol.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of ARNOLD MELENDEZ, a/k/a "Frankie," the

defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

_____
DETECTIVE OWEN O'CONNELL
CITY OF POUGHKEEPSIE POLICE
DEPARTMENT


Sworn to before me this
18th day of June, 2018

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK